IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:25-CR-00011-M-RN-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEMAJAE KI'TORY NORFLEET,

    Defendant.

ORDER

This matter comes before the court on Defendant's Motion for Release on Compassionate Furlough [DE 53]. Defendant seeks an order releasing him from BOP custody from September 8 through September 11, 2025, so that he may attend the birth of his child at ECU Health Roanoke-Chowan Hospital, 500 S. Academy Street, Ahoskie, NC. *Id.* The United States filed a response in opposition, arguing, *inter alia*, that there are no exceptional circumstances warranting relief from 18 U.S.C. 3143(a)(2)'s presumption of mandatory detention. DE 54 at 1–2.

District courts are statutorily obligated to order detention for defendants who have been found guilty of a crime of violence unless (1) it finds "there is a substantial likelihood that a motion for acquittal or new trial will be granted;" (2) the United States "has recommended that no sentence of imprisonment be imposed;" or (3) the defendant clearly shows "exceptional reasons" warranting release. § 3143(a)(2)(A); § 3145(c). Even still, to allow a defendant's release the court must also find "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." § 3143(a)(2)(B).

Here, Defendant pleaded guilty to one count of carjacking, as defined by 18 U.S.C. § 2119, which is categorially a crime of violence. *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir.

2017).[1]  As the court noted at Defendant's arraignment, this creates a presumption of mandatory detention, which after review of the pending motion, the court finds has not been overcome. Defendant has made no indication that he intends to move for acquittal or a new trial, and the United States has stated that it intends to recommend a sentence of imprisonment.  DE 54 at 4.

Further, the court finds that the imminent birth of Defendant's child does not constitute an exceptional reason warranting a furlough.  "Courts have generally defined 'exceptional reasons' as circumstances which are 'clearly out of the ordinary, uncommon, or rare." *United States v. Rattler*, No. 2:23-CR-12-4, 2014 WL 238583, at *2 (W.D.N.C. Jan. 22, 2014) (cleaned up). Family circumstances such as the one now presented do not rise to that level. *See, e.g.*, *United States v. Cannady*, No. 1:24-cr-00025-MR-WCM, 2025 WL 270047, at *3 (W.D.N.C. Jan. 22, 2025) (finding, among other things, that a desire to be present for the birth of the defendant's child did not constitute an exceptional reason).

For these reasons, Defendant's motion [DE 53] is DENIED.


SO ORDERED this _____9th_____ day of September, 2025.


Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the decision in *Evans* only concerned whether carjacking was categorically a crime of violence under 18 U.S.C. § 924(c), its holding is applicable here as both § 924(c) and § 3142(f)(A) define a crime of violence as an offense that has as an element of the offense "the use, attempted use, or threatened use of physical force against the person or property of another."

2